IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL SEALS, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 24-442 |
| LELAND DUDEK,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
|       Defendant. | ) |

O R D E R

AND NOW, this 26th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff raises several arguments challenging the ALJ's decision.  First, he contends that the ALJ ignored medical evidence showing that he is disabled, specifically three medical statements opining that Plaintiff was incapable of work.   (Doc. No. 16 at 8-9).   Second, he argues the ALJ erred in stating that he never saw a headache specialist as he saw a neurologist.   (*Id.* at 9).   Third, he posits that the ALJ failed to account for his light sensitivity in his residual functional capacity ("RFC").   (*Id.* at 10).   Lastly, Plaintiff argues the ALJ should have given his testimony greater weight because of his long work history.   (*Id.* at 10-11).   Upon careful consideration of the record, the Court disagrees and will affirm the ALJ's decision for the following reasons.

The Court rejects Plaintiff's argument that the ALJ ignored medical evidence that "overwhelmingly" supported a disability finding.   (*Id.* at 9).   Plaintiff points to the statements contained in Meniere's Disease Medical Source Statements from Drs. Mihaela Nowak, M.D. and Douglas Chen, M.D., and Nurse Nicholas Sandulli, C.R.N.P., who all opined that he was disabled.   (*Id.*).   These statements noted that Plaintiff was incapable of even "low stress" work and basic work activities and would, therefore, be disabled.   (R. 25; Exs. B9F/3-4, B12F/3-4, B13F/4).   However, such statements did not purport to opine as to Plaintiff's specific functional limitations, and the ALJ, therefore, correctly declined to provide written analyses about these statements because they opined on questions of disability, which are reserved solely for the Commissioner.   20 C.F.R. § 404.1527(d)(1).

Plaintiff further contends that the ALJ should have provided more weight to the remaining opinions of Drs. Nowak, Chen, and Mr. Sandulli because they are "longtime providers" that have "laid hands" on him.   (Doc. No. 16 at 9).   However, the ALJ properly analyzed the Meniere's Disease Source Statements that these sources provided and, moreover, the rationale to give more credence to providers that have "laid hands" on a claimant is no longer in use under the applicable regulations.   The regulations applicable to Plaintiff's claim no longer make medical opinions from treating source eligible for controlling weight.   *See* 20 C.F.R. § 404.1520c(a); (R. 17) (noting Plaintiff filed his application on October 28, 2021).   The ALJ is not bound by the findings of a treating physician if they are not well supported or are inconsistent with other substantial evidence of record.   20 C.F.R. § 404.1520c(a).

Here, the ALJ applied the correct regulations to the analysis of Drs. Nowak, Chen, and Mr. Sandulli's Meniere's Disease Source Statements.   Dr. Nowak submitted two different statements opining different levels of limitation.   In January 2022, Dr. Nowak opined that she "did not believe that [Plaintiff] should be on disability for his conditions[.]" (Ex. B6F/6).   However, 11 months later, Dr. Nowak opined that Plaintiff was incapable

2

of even low stress work, would be off task 25% or more of the time, should not work at heights, should not work with power machines, and should not operate a motor vehicle for work purposes. (R. 25, Ex. B9F/1-4). The ALJ found this opinion partially persuasive, as the latter limitations were supported by the medical record, but also as it was inconsistent with Dr. Nowak's prior opinion opining that Plaintiff should not be on disability. (R. 25-26). This analysis comported with the applicable regulations. 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5853 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(b) and (c).

Additionally, the ALJ properly analyzed the Meniere's Disease Medical Source Statements of Dr. Chen and Mr. Sandulli. As the ALJ noted, Dr. Chen's functional limitations were consistent with those of Dr. Nowak except Dr. Chen opined that Plaintiff's typical Meniere's disease attack lasts 10-20 minutes with no precipitating factors, nothing makes his attacks worse, and lying down makes his attacks better. (R. 26; Ex. B13F). The ALJ found this opinion partially persuasive because it was partially supported by the medical record and was consistent with parts of Dr. Nowak's opinion. (R. 26). Similarly, the ALJ found Mr. Sandulli's statement partially persuasive. (*Id.*). Mr. Sandulli opined many of the same limitations as Drs. Nowak and Chen except for a few differences, including that Plaintiff's attacks are constant with precipitating factors and strong odors. (B12F). The ALJ found this opinion partially persuasive because it was consistent with evidence within the record, including Drs. Nowak and Chen's statements, and was partially supported by the record. (R. 26). These analyses comported with the relevant regulations because the ALJ analyzed the consistency and supportability of these opinions. 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5853 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(b) and (c). Accordingly, Plaintiff's arguments as to the ALJ's opinions of Drs. Nowak, Chen, and Mr. Sandulli are without merit.

The Court also rejects Plaintiff's contention that the ALJ erred in stating he never saw a headache specialist. (Doc. No. 16 at 9). The record shows that Plaintiff was referred to "Dr. Bennett, [a] headache specialist . . . while [he] awaits" a neurology appointment. (Ex. B2F/37). The ALJ accurately stated that there was no evidence that Plaintiff saw Dr. Bennett, the headache specialist. (R. 23). However, the ALJ accurately recognized that Plaintiff saw a neurologist. (*Id.*). Accordingly, the ALJ did not err in stating that Plaintiff did not see a headache specialist.

Plaintiff next contends that the ALJ failed to account for his light sensitivity in the RFC and ignored medical records and source statements showing that he has such sensitivity. (Doc. No. 16 at 10). While Plaintiff is correct that there is no specific limitation accounting for his light sensitivity in his RFC, he overlooks that the ALJ considered Plaintiff's testimony and medical source statements regarding his light sensitivity and crafted his RFC based on all the evidence. Specifically, the ALJ heard Plaintiff's testimony that he has extreme sensitivity to light and acknowledged that Dr. Nowak opined that Plaintiff was incapable of even low stress work due to extreme light

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/Mark R. Hornak<br>
Chief United States District Judge

ecf:            Counsel of record

---

sensitivity.  (R. 25, 56).   However, as noted above, the ALJ found Dr. Nowak's opinion on this issue only partially persuasive and declined to adopt this specific limitation.  (R. 25; Ex. B9F/2).   Moreover, the ALJ found partially persuasive Dr. Chen's medical statement opining that Plaintiff had no precipitating factors for his Meniere's disease attacks.  (R. 26; Ex. B13F/2).   Based on all of the evidence, the ALJ incorporated only "credibly established" limitations into Plaintiff's RFC.   (R. 25); *Rutherford v. Barnhart*, 399 F.3d 546, 665 n.8 (3d Cir. 2005) (noting only "credibly established limitations" need be included in the RFC and communicated to the vocational expert).   Accordingly, the RFC finding containing no limitation accommodating sensitivity to bright lights is supported by substantial evidence.

Lastly, the Court rejects Plaintiff's argument that his complaints should have been given greater weight due to his long work history.  (Doc. No. 16 at 10-11).   Plaintiff overlooks that a claimant is not entitled to heightened credibility based solely on his work history.   *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004); *Thompson v. Astrue*, No. 09-519, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010) (stating "a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility.").   Here, the ALJ acknowledged Plaintiff's prior work history as a rug cleaner, discussed Plaintiff's history of employment at the hearing, and recognized Plaintiff's insured status through December 31, 2026.   (R. 19, 27-28, 45-51).   Moreover, the ALJ properly evaluated Plaintiff's subjective complaints and explained why she found these to be inconsistent with the record.  (R. 22-24).   Accordingly, the Court rejects Plaintiff's argument on this point.

In sum, the ALJ's findings and conclusions are supported by substantial evidence and the decision of the Commissioner must be affirmed.